IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIAN A. LUCAS,            )
        Petitioner,    )    1:99-cv-00188
                            )
        v.             )    District Judge Sean J. McLaughlin
                            )
JAMES S. PRICE, et al.,     )
        Respondents.   )

**MEMORANDUM ORDER**

    In June 1999, Petitioner Darian A. Lucas commenced a habeas action at this civil action number pursuant to 28 U.S.C. § 2254. In February 2000, this Court dismissed the habeas petition and closed the case. [See Dkt. Nos. 16 & 19]. The United States Court of Appeals for the Third Circuit denied Lucas's request for a certificate of appealability because his habeas petition was second or successive, see *Order* dated April 9, 2001 in Lucas v. Price, et al., Docket No. 00-2172 (3d Cir.), and on October 1, 2001, the United States Supreme Court denied *certiorari*.

    Now, ten years after this Court dismissed his habeas petition and closed this case, Lucas has filed at this civil action number a document he has styled a petition for "mandamus or any appropriate relief." [Dkt. No. 25]. Therein, he complains about: (1) the manner in which this Court disposed of another one of his habeas actions – Lucas v. Johnson, et al., Civil Action No. 1:98-cv-305 (W.D. Pa.); and, (2) decisions made by the Honorable Maurice B. Cohill, Jr., in a civil rights case at Lucas v. Fetzner, Civil Action No. 1:99-cv-00017 (W.D. Pa.). Both of those cases have been fully and finally litigated and have been closed for several years,[1] but Lucas attempts by way of the instant "mandamus" petition to have them reopened and reconsidered.[2]

    The claims and relief that Lucas seeks in the instant "petition" regarding his cases at

---

    [1] Judge Cohill recently has denied similar motions that Lucas has filed at Civil Action No. 1:99-cv-00017.

    [2] The mandamus statute does not confer upon a district court jurisdiction to reopen and reconsider a finally litigated action. And, of course, the undersigned has no authority to direct Judge Cohill to do anything with respect to Civil Action No. 1:99-cv-00017.

Civil Action Nos. 1:98-cv-305 and 1:99-cv-00017 have nothing to do with the habeas case at this civil action number. Although the Court could direct the Clerk to refile the petition at Civil Action Nos. 1:98-cv-305 and 1:99-cv-00017 as a motion for reconsideration in each respective case, the Court will not do so because the instant petition is just the most recent in a long line of vexatious and wholly frivolous petitions that Lucas has filed in this Court and in the United States District Court for the Middle District of Pennsylvania in which he has unsuccessfully attempted to reopen fully and finally litigated cases.[3] See, e.g., Lucas v. Maravich, et al., 2:09-cv-01327 (W.D. Pa.) (Cohill, J.) (habeas petition denied; construed as a motion to reconsider a closed civil rights case); Lucas v. Maravich, et al., 2:09-cv-01052 (W.D. Pa.) (Cohill, J.) (same); Lucas v. Maravich, et al., 2:09-cv-01167 (W.D. Pa.) (Cohill, J.) (same); Lucas v. Sinnott, et al., 1:09-cv-0187 (W.D. Pa.) (Cohill, J.) (same); Lucas v. Forney, et al., 4:09-cv-01619 (M.D. Pa.) (Jones, J.) (denying petition for habeas because in actuality Lucas was seeking to revive a closed civil rights case); Lucas v. Cawley, et al., 4:09-cv-01850 (M.D. Pa.) (Jones, J.) (dismissing petition for mandamus for the same reason).

Based upon all of the forgoing, this **6th** day of **May**, **2010**, it is hereby **ORDERED** that he petition for "mandamus or any appropriate relief" [Dkt. No. 25] is **DENIED**.

/s/ Sean J. McLaughlin  
SEAN J. McLAUGHLIN  
UNITED STATES DISTRICT JUDGE

---

[3] Lucas obviously has been seeking such relief because he has filed so many frivolous lawsuits that he now is barred from proceeding *in forma pauperis* in civil actions under the provision of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g). See *Order* dated October 23, 2003 in Lucas v. Tennis, et al., Appellate Docket No. 03-1190 (3d Cir.) (denying Lucas *in forma pauperis* status because he has had a least three prior civil actions dismissed as frivolous or for failure to state a claim).